UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DAVID L. CLARK**,

      Petitioner,

v.                                                        No. 11-cv-0014 LH/SMV

**ANTHONY ROMERO, Warden, and
GARY K. KING, Attorney General**
for the State of New Mexico,

      Respondents.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed on January 5, 2011. Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. 1] ("Petition"). Respondents filed their Answer on March 22, 2011, denying Petitioner's claims and arguing, in part, that the Petition should be dismissed summarily because it is time-barred. Respondents' Answer to Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) [Doc. 12] ("Answer"). Petitioner filed a Reply on May 10, 2011, and a Supplement on May 18, 2011. *See* Order Striking Documents [Doc. 17] at 1. However, the Honorable Don J. Svet, United States Magistrate Judge, struck those documents from the record because they failed to comply with Judge Svet's prior order allowing a Reply. *Id.* Petitioner subsequently filed an Affidavit of Facts, Records, Statements and Documents [Doc. 18] and [Petitioner's Letter to Judge Svet] [Doc. 19], which address some of the arguments raised in the Answer.

Petitioner is incarcerated and, until recently, was proceeding pro se. Petition [Doc. 1] at 1. He is now represented by counsel. Entry of Appearance [Doc. 28] (filed March 1, 2012).

## I.   **Factual and Procedural Background**

By this action, Petitioner seeks to vacate the judgment and sentence entered in No. D-608-CR-2006-0091 in the Sixth Judicial District Court, Grant County, New Mexico, on March 20, 2007. Judgment, Sentence and Order of Commitment [Doc. 12-1] at 1. Following a jury trial, Petitioner was found guilty and convicted of voluntary manslaughter (with the use of a firearm) and tampering with evidence. *Id.* Pursuant to those convictions, he was sentenced to a term of imprisonment of 11 ½ years, followed by one year of parole. *Id*. at 2.

Petitioner appealed his conviction to the Court of Appeals of the State of New Mexico on March 23, 2007. Notice of Appeal [Doc. 12-1] at 5. That appeal was denied on November 1, 2007. Memorandum Opinion [Doc. 12-1] at 44, 45. Petitioner filed a Petition for Writ of Certiorari in the Supreme Court of New Mexico on November 15, 2007. Petition for Writ of Certiorari to the New Mexico Court of Appeals [Doc. 12-2] ("First Petition for Writ of Certiorari") at 1. That petition was denied on December 19, 2007. Order [by the Supreme Court of New Mexico] [Doc. 12-1] at 34.

Petitioner filed a state habeas corpus petition (pro se) on June 11, 2008. Order Denying Petition for Writ of Habeas Corpus [Doc. 12-5] at 8. He subsequently filed an Amended Petition for Writ of Habeas Corpus, through counsel, on February 19, 2009. [Doc. 12-4] at 1. That petition was denied on June 19, 2009. Order Denying Petition for Writ of Habeas Corpus [Doc. 12-5] at 8.

Petitioner filed a second state habeas corpus petition (pro se) on April 8, 2010. [Second] Petition for a Writ of Habeas Corpus [Doc. 12-5] at 12. That petition was denied on July 1, 2010. [Second] Order Denying Petition for Writ of Habeas Corpus [Doc. 12-5] at 21, 27.

Petitioner was granted an extension of time to file a Petition for Certiorari until August 30, 2010. Notice [by the Supreme Court of New Mexico] [Doc. 12-5] at 28. He filed the petition on August 31, 2010. Petition for Writ of Certiorari [Doc. 12-5] at 29. The Supreme Court of New Mexico denied the petition on September 13, 2010. Order [by the Supreme Court of New Mexico] [Doc. 12-5] at 43. Petitioner filed this federal Petition for writ of habeas corpus on January 5, 2011. Petition [Doc. 1] at 1.

Petitioner challenges his conviction and sentence on 12 grounds, some of which overlap:

1. Petitioner claims trial court error, alleging that the deceased killed himself and Petitioner has been wrongfully sentenced. Petitioner also claims the blood found at the crime scene was his, placed there after he was beaten by the deceased, a "meth crazed martial arts expert." Petitioner further claims the District Attorney was granted a three month extension to analyze the blood evidence but failed to do so. *Id.* at 5.

2. Petitioner alleges evidence tampering when he was denied the right to have DNA blood evidence tested that would prove the deceased beat him up. *Id.* at 7.

3. Petitioner alleges double jeopardy and fundamental error when the jury was not presented with lesser included charges after Petitioner's counsel asked the state district court to drop the first and second degree murder charges. Petitioner claims

the jury should have been given lesser included charges to pick from after his attorney proved the hearsay witness lied in court. *Id.* at 8.

4. Petitioner claims that the Judgment and Sentence was illegal. *Id.* at 11.

5. Petitioner claims that the DNA evidence was not tested. *Id.* at 17, 18.

6. Petitioner claims that his counsel was ineffective for failing to impeach the State's hearsay witness, who lied on the stand. The trial court testimony of the witness differed from her "pre-court" testimony. *Id.* at 18.

7. Petitioner claims that his counsel was ineffective due to being ill during the trial, failing to impeach a witness, and allowing the jury to be instructed on the wrong charges, resulting in double jeopardy. *Id.* at 18–19.

8. Petitioner claims that his sentence was illegal due to the multiple stacking of charges and consecutive sentencing of those same charges. *Id.* at 19.

9. Petitioner alleges records tampering based on the contents of the district attorney's response to Petitioner's state habeas corpus petition. The district attorney stated in the response that Petitioner was arrested on May 8, 2006, when Petitioner was actually arrested on May 7, 2006. *Id.* at 19–20.

10. Petitioner alleges that his counsel was ineffective for failing to obtain a change of venue for Petitioner's trial. *Id.* at 20.

11. Petitioner alleges incomplete discovery when law enforcement failed to investigate the fact that Petitioner was attacked in his home by the deceased in an attempt to rob him of his Social Security Disability income. *Id.*

> 12. Petitioner claims that the witness for the State admitted in court that she was part of the conspiracy to rob Petitioner of his money. *Id.*

Respondents filed their Answer on March 22, 2011. [Doc. 12] at 1. They argue that Petitioner has filed a mixed petition in that Claim # 9, *supra*, was not raised in the state court proceedings. *Id.* at 9. They argue that the Petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A). *Id*. at 11–13. In the alternative, they argue that the Petition should be denied on its merits because Petitioner has failed to show that the state court proceedings either (a) resulted in a decision that was contrary to, or involved an unreasonable application of, federal law as determined by the United States Supreme Court, or (b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court proceedings. *Id*. at 13–14 (citing 28 U.S.C. § 2254(d)). They argue that Petitioner's claims of ineffective assistance of counsel are without merit, *Id*. at 14–17, and finally, that any error in the state court proceedings was harmless. *Id*. at 17.

## II.   Analysis

I set forth the following chronology to evaluate Respondents' argument that the Petition is time-barred:[1]

    1.  March 20, 2007         Judgment and Sentence filed.

    2.  March 23, 2007         Notice of Appeal filed.

    3.  November 1, 2007      Appeal denied.

    4.  November 15, 2007    First Petition for Writ of Certiorari filed.

---

[1] The dates are gleaned from the pleadings and other documents attached as exhibits to Respondents' Answer [Doc. 12].

| | | |
|---|---|---|
| 5. | December 19, 2007 | First Petition for Writ of Certiorari denied. |
| 6. | June 11, 2008 | First State Habeas Petition filed. |
| 7. | June 19, 2009 | First State Habeas Petition denied. |
| 8. | April 8, 2010 | Second State Habeas Petition filed. |
| 9. | July 1, 2010 | Second State Habeas Petition denied. |
| 10. | August 31, 2010 | Second Petition for Writ of Certiorari filed. |
| 11. | September 13, 2010 | Second Petition for Writ of Certiorari denied. |
| 12. | January 5, 2011 | Federal Habeas Petition filed. |

### A. The Court need not decide whether Petitioner has filed a mixed petition.

28 U.S.C. § 2254 (b) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal habeas proceeding. *See generally Rose v. Lundy*, 455 U.S. 509 (1982). Respondents assert that Petitioner has failed to exhaust his state remedies as to his claim of "records tampering" by the District Attorney's office (Claim # 9, p. 4, *supra*), because he never presented that claim to the state courts. In addition, Respondents contend that the Petition is time-barred. It may be possible for this Court to review the merits of Petitioner's unexhausted claim as well as the exhausted ones, as the claim in question appears frivolous. *See* 28 U.S.C. § 2254(b)(2) (It is proper to consider an unexhausted claim on the merits for the purpose of denying relief.). However, that analysis is unnecessary because the untimeliness of the instant federal Petition bars Petitioner's request for relief.

### B. The Petition is time-barred under AEDPA.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in part at 28 U.S.C. § 2244(d)(1), became effective April 24, 1996 and established a one year statute of

6

Case 1:11-cv-00014-LH-SMV   Document 30   Filed 07/26/12   Page 7 of 10

limitations for bringing habeas petitions pursuant to 28 U.S.C. § 2254. *Wood v. Millyard*, 132 S. Ct. 1826, 1831 (2012). That time period begins to run from the date on which the judgment became final by the conclusion of direct review or the expiration of time for direct review. 28 U.S.C. § 2244(d)(1)(A). Alternatively, the time begins to run from the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). The one-year statute of limitations is tolled during the time in which a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

The Judgment and Sentence challenged by Petitioner was entered on March 20, 2007. Judgment, Sentence and Order of Commitment [Doc. 12-1] at 1. He filed a timely appeal, Notice of Appeal [Doc. 12-1] at 5, and after that appeal was denied, a timely First Petition for Writ of Certiorari. [Doc. 12-2] at 1. The First Petition for Writ of Certiorari was denied on December 19, 2007. Order [by the Supreme Court of New Mexico] [Doc. 12-1] at 34. The AEDPA limitation period is tolled for an additional 15 days after denial of a petition for writ of certiorari to allow for a motion for rehearing, whether or not the petitioner files such a motion. *Serrano v. Williams*, 383 F.3d 1181, 1185 (10th Cir. 2004). Thus, the one-year limitation period began to run on January 4, 2008.

After the lapse of 159 days, Petitioner filed his first state habeas corpus petition on June 11, 2008. Order Denying Petition for Writ of Habeas Corpus [Doc. 12-5] at 8. The petition was denied on June 19, 2009. *Id.* The AEDPA limitation period was tolled during the pendency of that petition. 28 U.S.C. § 2244(d)(2). Although Petitioner did not petition the New Mexico Supreme Court for certiorari following denial of his habeas petition, the limitation period is

tolled for the 30 days in which he could have done so. *See Gibson v. Klinger*, 232 F.3d 799, 804 (2000); *see also* Rule 12-501(B) NMRA ("Petitions for writs of certiorari shall be filed with the Supreme Court clerk within thirty (30) days of entry of the district court's order denying the petition."). Thus, the limitation period began to run again on July 20, 2009, leaving Petitioner with 206 days, or until February 11, 2010, to file a federal habeas petition or other application for post-conviction relief. Petitioner filed his second state habeas petition on April 8, 2010, [Doc. 12-5] at 12, almost two months after the AEDPA deadline. *See Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (no statutory tolling where state post-conviction proceedings were initiated *after* the AEDPA deadline).

The one-year statute of limitations may be equitably tolled, although only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). The Tenth Circuit limits equitable tolling of the one-year limitation period to "'rare and exceptional' circumstances." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir.2003) (citing *Gibson*, 232 F.3d at 808). "'Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'" *Burger*, 317 F.3d at 1141 (citing *Gibson*, 232 F.3d at 808). The burden is on a petitioner to demonstrate the circumstances that justify equitable tolling. *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998). Nothing in the pleadings in this action indicates that equitable tolling is appropriate in this case.

Petitioner claims that between his first and second state habeas petitions he had mailed a habeas petition that "mysteriously never arrived . . . at the Courthouse." [Petitioner's Letter to Judge Svet] [Doc. 19] at 1; *accord* Petition [Doc. 1] at 13.  He claims that this delayed the filing of his second state habeas petition for approximately four months.  Petition [Doc. 1] at 13. Petitioner offers no evidentiary support for this claim.  As such, I find that the statement in his Letter alone does not meet his burden of showing "exceptional circumstances" that would trigger equitable tolling.  *See, e.g., Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.").  Thus, I find that Petitioner's federal habeas Petition is time-barred.

However, even if I were to find that equitable tolling was justified, Petitioner's claim would still be time-barred.  Petitioner claims that the filing of his second state habeas corpus petition was delayed for approximately four months when his petition was mysteriously lost in the mail.  I will assume, therefore, that but for the petition being lost in the mail, it would have been filed on December 1, 2009, rather than April 8, 2010. I will assume further that the AEDPA limitations period did not begin to run again until September 29, 2010, or 15 days after the denial of Petitioner's Second Petition for Writ of Certiorari was denied. Under those assumptions, the tolling analysis would be as follows.

As discussed at p. 7, *supra*, the limitation period would have first begun to run on January 4, 2008.  It ran until June 11, 2008, (159 days) when Petitioner filed his First State Habeas Corpus Petition.  It began running again on July 20, 2009.  *See* discussion *supra* at 7–8. Assuming it was tolled again on December 1, 2009, the limitation period would have run for an additional 134 days.  Thus, between the date on which Petitioner's Judgment and Sentence

became final, January 4, 2008, and December 1, 2009, the limitations period would have run for a total of 293 days.

If it were assumed that the limitation period remained tolled until September 29, 2010 (15 days after Petitioner's Second Petition for Writ of Certiorari was denied), Petitioner would have had an additional 72 days (365 – 293 = 72), or until December 10, 2010, to file his federal habeas corpus petition. He did not file it until January 5, 2011, or 26 days after the AEDPA deadline. Thus, even if [Petitioner's Letter to Judge Svet] [Doc. 19] is construed as a motion for equitable tolling, and even if Petitioner is given every benefit of the doubt regarding equitable tolling, his claim is time-barred nonetheless.

## RECOMMENDED DISPOSITION

I therefore **RECOMMEND** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. 1] be **DENIED** and that this matter be **DISMISSED WITH PREJUDICE**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**